IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CYNTHIA BOLDEN-GARDNER,** *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | | Civil Action No. RDB-19-3199 |
| | * | |
| **LIBERTY MUTUAL INSURANCE CO.,** | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Cynthia Bolden-Gardner and Bennie Gardner (the "Gardners" or "the Plaintiffs") bring this lawsuit against Defendant Liberty Mutual Insurance Company ("Liberty Mutual") alleging breach of contract and corporate negligence with respect to Liberty Mutual's denial of coverage under the uninsured motorist provision of their automobile insurance policy. (ECF No. 1.) Presently pending before this Court is the Plaintiffs' Motion for Summary Judgment (ECF No. 21), as well as the Defendant's Partial Motion to Dismiss for Failure to State a Claim for Punitive Damages (ECF No. 22).[1] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Plaintiffs' Motion for Summary Judgment (ECF No. 21) is DENIED and the Defendant's Partial Motion to Dismiss (ECF No. 22) is GRANTED.

## BACKGROUND

---

[1] Also pending is Defendant's Motion for Declaratory Relief (ECF No. 23). That Motion will remain pending.

1

In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013). The Gardners, residents of Mississippi, were involved in an automobile accident on July 11, 2018 in Prince George's County, Maryland. (ECF No. 1 ¶¶ 1, 2, 6.) They allege that on that date, Bennie Gardner was driving on Route MD-214 with Cynthia Bolden-Gardner in the passenger seat. (*Id.* ¶ 6.) As they were traveling down Route MD-214, they claim that "suddenly and without any warning whatsoever," another motorist on the road rear-ended the vehicle it was traveling behind in the right lane, causing a collision. (*Id.* ¶ 9.) They further allege that this impact caused the motorist to swerve from the right lane to the left lane where the Gardners were driving. (*Id.* ¶ 10.) The motorist "violently collide[d]" with the Gardners' vehicle and proceeded to flee the scene. (*Id.*)

The Plaintiffs allege that they each suffered serious and painful injuries as a result of the crash. (*Id.* at p. 4 ¶ 13, p. 6 ¶ 13.) Specifically, Cynthia Bolden-Gardner alleges that she suffered a sprain and strain of her lumbar spine, thoracic spine and cervical spine; a C5-6 disc protrusion with focal spinal stenosis and cord compression; a right lateral annulus tear; a non-displaced subline tubercle fracture of her right elbow; sprain of her left wrist; post-traumatic headaches; loss of sleep; loss of appetite; and an acute anxiety reaction. (*Id.* at p. 4 ¶ 13.) Bennie Gardner alleges he suffered a severe sprain and strain of his cervical and lumbar spine; continual right hip pain; post-traumatic headaches; loss of sleep; loss of appetite; and an acute anxiety reaction. (*Id.* at p. 6 ¶ 13.)

After the accident, the Gardners sought to recover under the automobile insurance policy bearing the Policy Number A0S258-232694-70 (the "Policy") issued by Liberty Insurance, a corporation with its offices in Massachusetts, to the Gardners in April 2018. (*Id.* ¶ 4.) The Policy provides coverage for all sums which the Gardners, or any other person occupying their vehicle, would be legally entitled to recover as damages for bodily injuries as a result of an accident with an uninsured motorist. (*Id.* ¶ 4.) They claim that the unidentified motorist, who they allege caused the accident, is an "uninsured" motorist under the Policy: he fled from the scene without stopping or reporting the accident or exchanging information with any of the affected drivers and/or passengers. (*Id.* ¶ 10.) For this reason, they claim they are entitled to coverage under the uninsured motorist provision of the Policy. Liberty Mutual, however, denied coverage under that provision. (*Id.* at p. 6 ¶ 19, p. 8 ¶ 19.)

The Gardners filed this Complaint on November 5, 2019, alleging that the Defendant's dispute of their coverage under the uninsured motorist provision of the Policy constitutes a breach of contract, and that the refusal to honor their claims under that provision constitutes unconscionable conduct and, therefore, amounts to negligence. (*Id.* at p. 6 ¶ 19, p. 9 ¶ 19, p. 8 ¶ 13.) As relief, they seek money damages, reimbursement of all costs associated with the bringing of this action, and interest on any judgment rendered pursuant to the instant action, as well as punitive damages. (*Id.* at 10.) On November 16, 2020, the Gardners filed a Motion for Summary Judgment (ECF No. 21), claiming there is no genuine dispute of material fact that exists as to their entitlement to coverage under the Policy. That same day, Liberty Mutual filed a Partial Motion to Dismiss for Failure to State a Claim for Punitive Damages (ECF No. 22).

## ANALYSIS

**A. Plaintiffs' Motion for Summary Judgment**

The Gardners cannot prevail on their Motion for Summary Judgment (ECF No. 21). At this time there remain genuine disputes as to material facts which might affect the outcome of the suit. Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). This Court "must not weigh evidence or make credibility determinations." *Foster v. University of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the fact-finder to resolve factual disputes,

including issues of witness credibility. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1866-68 (2014) (per curiam).

In an action based upon diversity of citizenship, a federal court must apply the substantive law of the state in which it sits, including that state's choice of law rules. *Klaxon Co. v. Stentor Elect. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *see Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007); *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 696 (D. Md. 2011); *Baker v. Antwerpen Motorcars, Ltd.*, 807 F. Supp. 2d 386, 389 n.13 (D. Md. 2011). Therefore, Maryland law applies in this case. Generally, Maryland law requires insurance contracts to be objectively construed. *See O'Quinn v. Maryland Auto. Ins. Fund,* 850 A.2d 386, 389 (Md. Ct. Sp. App. 2004). Pursuant to Maryland law, an insurance agreement is to be viewed as a whole to determine the intention of the parties and the purpose which they sought to accomplish. *See id.* When the provisions of the insurance contract are not ambiguous, a court should enforce them according to their plain meaning. *See id.*

If the Court determines that the insurance contract is ambiguous, "the ambiguity shall be resolved against the drafter of the policy and in favor of the insured." *Id.* (citing *St. Paul Fire & Marine Ins. Co. v. Nationwide Mut. Ins.* Co., 558 A.2d 1244 (Md. Ct. Sp. App. 1989)); *see also Mamsi Life & Health Ins. Co. v. Callaway*, 825 A.2d 995 (Md. 2003). Generally, when an insurance contract is ambiguous, a jury is to construe the language of the insurance contract, and it may use extrinsic evidence to determine the intention of the parties and whether the ambiguous language has a trade usage. *See C & H Plumbing & Heating, Inc. v. Employers Mut. Cas. Co.,* 287 A.2d 238, 239 (Md. 1972); *Pacific Indem. Co. v. Interstate Fire & Cas. Co.,* 488 A.2d 486, 489 (Md. 1985) (citations omitted). However, if there is no factual

dispute presented by the evidence, the court may construe an ambiguous contract. *Pacific Indem. Co.*, 488 A.2d at 489; *see also World–Wide Rights Ltd. P'ship v. Combe Inc.,* 955 F.2d 242, 245 (4th Cir.1992) ("Even where a court, however, determines as a matter of law that the contract is ambiguous, it may yet examine evidence extrinsic to the contract that is included in the summary judgment materials, and, if that evidence is, as a matter of law, dispositive of the interpretive issue, grant summary judgment on that basis.").

When presented with choice-of-law questions, Maryland courts follow the rule of *lex loci contractus*, applying the substantive law of the state where the contract was formed, unless there is a choice-of-law provision in the contract. *Erie Ins. Exch. v. Heffernan*, 925 A.2d 636, 648 (Md. 2007); *Am. Motorists Ins. Co. v. ARTRA Group, Inc.*, 659 A.2d 1295, 1301 (Md. 1995); *see also Cunningham v. Feinberg*, 107 A.3d 1194, 1204 (Md. 2015); *Lewis v. Waletzky*, 31 A.3d 123, 129 n.8 (Md. 2011). "For choice-of-law purposes, a contract is made where the last act necessary to make the contract binding occurs." *Konover Property Trust, Inc. v. WHE Assocs., Inc.*, 790 A.2d 720, 728 (Md. Ct. Spec. App. 2002) (citing *Commercial Union Ins. Co. v. Porter Hayden Co.*, 698 A.2d 1167, 1200 (Md. Ct. Spec. App. 1997), *cert. denied*, 703 A.2d 147 (Md. 1997)). Both Parties in this case agree that under Maryland's choice of law rules, Mississippi law governs the Policy. (ECF No. 21-1 at 5; ECF No. 26-1 at 3.)

The Gardners argue that the Defendant breached the terms of the Policy by not honoring the uninsured motorist provision with respect to the accident in July 2018. The Gardners' policy with Liberty Mutual does contain an uninsured motorist provision. (*See* Insurance Policy, Form B, Ex. 1, ECF No. 21-3.) Additionally, under Mississippi's uninsured motorist statute, Miss. Code Ann. § 83-22-101 *et seq.*, an unknown "hit-and-run" motor vehicle

which causes bodily injury to an insured upon physical contact clearly qualifies as an "uninsured motorist." *See* Miss. Code Ann. § 83-22-103(c)(v). However, the statute also provides that:

> No automobile liability insurance policy or contract shall be issued . . . unless it contains an endorsement of provisions undertaking to pay the insured all sums which he shall be *legally entitled to recover* as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle . . . .

Miss. Code Ann. § 83-22-101(1) (emphasis added). The phrase "legally entitled to recover" has not been interpreted by the Mississippi Supreme Court to require the insured to sue or obtain a judgment against the uninsured tortfeasor before suing the insurer. *Bailey v. State Farm Fir & Cas. Ins. Co.*, 621 F. Supp. 1016, 1018 (S.D. Miss. 1985). However, it does require the insured to establish fault on the part of the uninsured motorist. *Id.* This means that the insured carries the burden to prove against the uninsured motorist the essential elements of a tort claim. *Robinson v. Holmes Cty.*, 284 So. 3d 730, 735 (Miss. 2019) (citing *State Farm Fire & Cas. Co. v. Wightwick*, 320 So. 2d 373, 375 (Miss. 1975)).

Therefore, to prevail on their claim for breach of contract, the Gardners must establish that the uninsured motorist was negligent. In other words, they must show that the "collision was the proximate result of negligence on the part of the uninsured [motorist]." *State Farm Fire & Cas. Co. v. Magee*, 368 So. 2d 230, 234 (Miss. 1979) (internal quotations and citations omitted). In their Complaint, the Plaintiffs allege some details of the accident and repeatedly claim that the collision was caused by the uninsured driver's negligence. (*See* ECF No. 1.) They do not, however, specifically allege the elements of negligence. Additionally, Liberty Mutual asserts several affirmative defenses including that the Plaintiffs were contributorily negligent and assumed the risk of their injuries. (*See* Answer, ECF No. 10 at p. 5.) Summary

7

judgment is simply premature.  There remain factual questions with respect to the cause of the accident.  These factual questions must be answered before this Court can determine whether the Plaintiffs' are entitled to coverage under the uninsured motorist provision of the Policy.

Additionally, there remains a factual dispute with respect to the extent of the Gardners' injuries which are attributable to the accident involving the uninsured driver.  The Defendant requested that both Plaintiffs be examined by Board-Certified Orthopedic Surgeon Clifford Hinkes, M.D.  (ECF No. 26-1 at 5.)  Dr. Hinkes contends in his reports related to these examinations that the claimed injuries of each Plaintiff, at least in part, were not caused by the motor vehicle accident.  (*See* Exs. 3, 4, ECF Nos. 26-4, 26-5.)  The Gardners ask this Court to decide as a matter of summary judgment that they should be allowed to stack the amount of damages for all three of their automobiles covered under the Policy, as well as that the Defendant is not entitled offset the medical payments made under the liability portion of the Policy against the uninsured motorist benefits.  (*See* ECF No. 21-1 at 7-9.)  However, as there remains a dispute as to the nature and extent of the Plaintiffs' injuries, and by extension the value of their claimed damages, it is unclear at this time whether this Court would even need to reach such issues.

For these reasons, the Plaintiffs cannot prevail on their Motion for Summary Judgment (ECF No. 21).  While there remain disputes as to whether the uninsured motorist's negligence caused the accident and the nature and extent of the Gardners' injuries, this Court cannot decide on summary judgment whether the Defendant breached the contract as alleged in Counts 1, 2, and 4, and, by extension, whether the Defendant's refusal to pay the claims of the Gardners under the uninsured motorist provision was negligent as claimed in Count 3.

Further, it is unclear what amount of damages the Gardners would be due. This Court must DENY the Plaintiffs' Motion for Summary Judgment (ECF No. 21).

### B. Defendant's Motion to Dismiss

Liberty Mutual claims that the Plaintiffs cannot prevail on their claim for punitive damages, and therefore, asks this Court to dismiss their claim. A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmt'y Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted); *see also Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, *Iqbal*, 556 U.S. at 678-79, and must "draw all reasonable inferences [from those facts] in favor of the plaintiff," *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th

Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79; *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). Mere recitals of the elements of a cause of action, supported only by conclusory statements do not suffice. *Iqbal*, 556 U.S. at 678. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* When allegations in a complaint have not crossed the line from conceivable to plausible, the plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Plaintiffs' claim for punitive damages cannot survive the Defendant's Motion to Dismiss. Liberty Mutual first argues that the Gardners' claim fails as a matter of law because Mississippi law does not allow punitive damages in cases alleging simple breach of contract and negligence. (*Id.* at 1-2.) Under Mississippi law, "punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11-1-65(a)(1). In the context of a claim for breach of contract, punitive damages are only recoverable "where breach results from an intentional wrong and when there has been

10

a showing of malice or gross/reckless disregard for the rights of others." *Warren v. Derivaux*, 996 So. 2d 729, 738 (Miss. 2008). As the Supreme Court of Mississippi has routinely held, "[p]unitive damages are only appropriate in the most egregious cases so as to discourage similar conduct and should only be awarded in the cases where the actions are extreme." *Id.* (quoting *Paracelsus Health Care Corp. v. Willard*, 754 So. 2d 437, 442 (Miss. 1999) (citing *Witrz v. Switzer*, 586 So.2d 775, 783 (Miss. 1991))).

The Plaintiffs have simply not alleged that Liberty Mutual acted with malice or with any willful, wanton, or reckless disregard for the safety of other, or with actual fraud. The Gardners contend that they had "full automobile insurance protection" through Liberty Mutual, which "covered [them] in the event [they] were involved in an accident with an uninsured motorist." (ECF No. 1 ¶ 18.) However, as explained above, this is not an accurate statement of the law: the uninsured motorist provision of the Policy is only applicable where the accident not only involves an uninsured driver, but that driver was the *cause* of the accident. Whether the uninsured motorist in this case was the cause of the accident remains disputed. (*See* Answer, ECF No. 10 at p. 5.) An insurance company has the right to withhold coverage while it determines whether payment is actually due. The fact that Liberty Mutual disputed the Gardners' claims does not in and of itself establish malice or fraud. The Complaint simply does not present a plausible claim for punitive damages for breach of contract or negligence in this case.

The Defendant further notes that there is no evidence of any bad faith that would support a claim for punitive damages either. (ECF No. 27 at 2.) Mississippi law imposes on insurers "a duty 'to perform a prompt and adequate investigation and make a reasonable, good

faith decision based on that investigation,'" and insurers "'may be liable for punitive damages for denying a claim in bad faith.'" *Dey v. State Farm Mut. Auto. Ins. Co.*, 789 F.3d 629, 633 (5th Cir. 2015) (citing *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 627 (5th Cir. 2008) (internal citations omitted)). To prevail on a bad faith claim, "a claimant 'must show that [the insurer] denied the claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of the insured's rights.'" *Dey*, 789 F.3d at 633 (quoting *Hoover v. United Servs. Auto. Ass'n*, 125 So.3d 636, 643 (Miss. 2013)). If an insurance company articulates an arguable or legitimate reason for its delay in making payment, the insured bears the burden of demonstrating that the insurer had no arguable reason. *James v. State Farm Mut. Auto. Ins. Co*, 743 F.3d 65, 71 (citing *U.S. Fidelity & Guar. Co. v. Wigginton*, 964 F.2d 487, 492 (5th Cir. 1992)). In sum, the Plaintiffs in this case "must demonstrate that [the Defendant's] refusal is something beyond 'mere negligence in performing the investigation.'" *Huyett v. Omni Ins. Co.*, No. , 2012 WL 12883214, at *2 (S.D. Miss. Sept. 11, 2012) (citing *Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 534 (Miss. 2003)).

Viewing the facts as alleged in the light most favorable to the Gardners, the Complaint simply does not allege a plausible claim of bad faith. They allege that their claims under the uninsured motorist provision were disputed, and they conclusively suggest that it was incorrect for Liberty Mutual to do so, but they do not put forward any facts to suggest that such decision to dispute the claims was made "with malice or gross negligence." In *Huyett*, the plaintiff alleged that the defendant performed "no investigation or at the very least an inadequate investigation," and her complaint noted that the defendant denied the claim "a mere three (3) days after the accident." 2012 WL 12883214, at *3. The court found that this was enough for

a jury to infer that the defendant may not have fully investigated her claim and, by extension, may have acted in disregard of her rights. *Id.* The facts alleged in support of the claim for punitive damages were minimal, but the court allowed her motion to survive a motion to dismiss. *Id.* The Plaintiffs in this case have not asserted *any* facts that would allow a jury to infer malice or gross negligence. In merely alleging that the Liberty refused to honor the Gardners' claims and that such decision was unconscionable, the Gardners' Complaint does not meet the minimal standard that a plaintiff must allege a plausible claim for relief. This Court will GRANT the Defendant's Partial Motion to Dismiss (ECF No. 22).

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Summary Judgment (ECF No. 21) is DENIED. The Defendant's Partial Motion to Dismiss for Failure to State a Claim for Punitive Damages (ECF No. 22) is GRANTED.

A Separate Order follows.

Dated: January 4, 2021                                         /s/
                                                       Richard D. Bennett
                                                       United States District Judge