## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CYNTHIA BOLDEN-GARDNER,** *et al.*, | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **Civil Action No. RDB-19-3199** |
| | * | |
| **LIBERTY MUTUAL INSURANCE CO.,** | * | |
| | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### <u>MEMORANDUM ORDER</u>

Plaintiffs Cynthia Bolden-Gardner and Bennie Gardner (the "Gardners" or the "Plaintiffs") bring this lawsuit against Defendant Liberty Mutual Insurance Company ("Liberty Mutual") alleging breach of contract and corporate negligence with respect to Liberty Mutual's alleged denial of coverage under the uninsured motorist provision of their automobile insurance policy. (ECF No. 1.) Presently pending is the Defendant's Motion for Declaratory Judgment (ECF No. 23) through which Liberty Mutual asserts that it has not denied coverage, and that the present dispute is actually over the value of the claimed injuries and the amount of available coverage under the Plaintiffs' policy. Specifically, Liberty Mutual asserts that the Plaintiffs have already received more than $13,000 in Medical Payments coverage benefits. (ECF No. 23-1 at 1.) Liberty Mutual seeks an order from this Court stating that it is entitled to offset this amount already paid in Medical Payments coverage in the event the Plaintiffs receive an award for damages at trial. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons

that follow, the Defendant's Motion for Declaratory Judgment (ECF No. 23) is GRANTED.

## BACKGROUND

The Gardners, residents of Mississippi, were involved in an automobile accident on July 11, 2018 in Prince George's County, Maryland.  (ECF No. 1 ¶¶ 1, 2, 6.)  The Plaintiffs' vehicle was allegedly struck by another vehicle, whose driver fled the scene.  (*Id.* ¶ 10.)  The Plaintiffs allege that they each suffered serious and painful injuries as a result of the crash.  (*Id.* at p. 4 ¶ 13, p. 6 ¶ 13.)

At the time of the accident, the Gardners had an automobile insurance policy with Liberty Mutual bearing the Policy Number A0S258-232694-70 (the "Policy").  (*Id.* ¶ 4; Exh. 1, ECF No. 23-2.)  Liberty Mutual is a corporation based in Boston, Massachusetts.  (*Id.* ¶ 3.)  The Policy provided coverage for bodily injury, property damage, medical payments, as well as uninsured motorist coverage.  (Exh. 1, ECF No. 23-2 at p. 2.)  The "Limit of Liability" provision of the Medical Payments section of the Policy specifically stated:

> A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident.  This is the most we will pay regardless of the number of:
>
> 1. "Insureds";
> 2. Claims made;
> 3. Vehicles or premiums shown in the Declarations; or
> 4. Vehicles involved in the accident.
>
> B. No one will be entitled to receive duplicative payments for the same elements of loss under this coverage and:
>
> 1. Part A and C of this policy; or
> 2. Any Underinsured Motorists Coverage provided by this policy.

(*Id.* at p. 7.)

Liberty Mutual asserts that the Gardners submitted a claim for Medical Payments

coverage under the Policy for reimbursement of medical bills related to their crash totaling $13,717.98: Plaintiff Cynthia Bolden-Gardner claimed $8,536.10 and Plaintiff Bennie Gardner claimed $5,181.88. (ECF No. 23-1 at p. 2.) Liberty Mutual asserts that it accepted the claim and issued payments to the Gardners, which they do not contest. (*Id.*; ECCF No. 25-1.) In the presently pending suit, the Gardners now contend they are entitled to coverage under the Uninsured Motorist provision of the Policy for costs related to the same automobile accident. Liberty Mutual filed its Motion for Declaratory Relief, seeking an order declaring that it is entitled to an offset of $13,717.98 in the event that the Plaintiffs prevail in this case.

## ANALYSIS

As the basis of this Court's jurisdiction lies in diversity of citizenship, under 28 U.S.C. § 1332(a), Maryland law applies. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Under Maryland law, courts follow the general rules of contract construction in the interpretation of an insurance contract. *See Cheney v. Bell Nat'l Life Ins. Co.*, 556 A.2d 1135, 1138 (Md. 1998); *Pacific Indem. Co. v. Interstate Fire & Cas. Co.*, 488 A.2d 486, 488 (Md. 1985). Maryland generally adheres to the rule of *lex loci contractus*, under which the construction of a contract is determined by the law of the state where the contract was made. *See Allstate Ins. Co. v. Hart*, 611 A.2d 100, 101 (Md. 1992). "Maryland's appellate courts view the *locus contractus* of an insurance policy as the state in which the policy is delivered and where the premiums are paid, because such acts are the last acts necessary to make an insurance policy binding." *Nautilus Ins. Co. v. REMAC America, Inc.*, 956 F. Supp. 2d 674, 684 (D. Md. 2013) (citing A*etna Cas. & Sur. Co. v. Souras*, 552 A.2d 908 (Md. Ct. Spec. App. 1989) and *TIG Ins. Co. v. Monongahela Power Co.*, 58 A.3d 497

(Md. Ct. Spec. App. 2012)).  The parties to this matter agree that this Court must apply Mississippi law.  (ECF No. 23-1 at 4; ECF No. 25 at 3-4.)

In this case, the Medical Payments section of the Policy at issue clearly states that "[n]o one will be entitled to receive duplicative payments for the same elements of loss under this coverage and . . . Any Underinsured Motorist Coverage provided by this policy."  (Exh. 1, ECF No. 23-2 at p. 7.)  In *Welborn v. State Farm Mutual Automobile Insurance Co.*, the United States Court of Appeals for the Fifth Circuit, sitting in diversity, considered the issue of whether a similar provision of an automobile insurance policy "that allow[ed] an insurance company to avoid double payment of medical expenses under a[n] [uninsured motorist] policy [was] enforceable in Mississippi."  420 F.3d 685, 687 (5th Cir. 2007).  The provision at issue in that case stated that "[n]o person for whom medical expenses are payable under this coverage shall recover more than once for the same medical expense under this or similar vehicle insurance."  *Id.* at 688.  The Fifth Circuit found that the purpose of the clause was "to limit the amount of an insured's damages to the amount of damage that is actually suffered." *Id.*  The Fifth Circuit upheld the provision, following its previous decision in *Tucker v. Aetna Casualty & Surety Co.*, 801 F.2d 728 (5th Cir. 1986), in which it held another provision preventing duplication of coverage was permissible as the clause did not serve as "an attempt to reduce the minimum amount of [uninsured motorist] coverage."  *Id.* at 687.

In opposing the Defendant's Motion, the Plaintiffs point to the court's decision in *Prudential Property Casualty Insurance Co. v. Mohrman*, 828 F. Supp. 432 (S.D. Miss. 1993) for the proposition that insurance companies are not entitled to deduct medical payments made on behalf of their insureds from uninsured motorist coverage.  (ECF No. 25-1 at 4.)  However,

the court in *Prudential* was clear that the insured in that case was "not asking the Court for 'double medical payments' under the policy in question," but was instead asserting that "a separate premium" paid for Medical Payment coverage under the applicable policy should not be offset against her uninsured motorist entitlement.  *Prudential*, 828 F. Supp. 432 at 437-38. Whether Liberty Mutual is entitled to offset a premium is simply not at issue in this case.  The Fifth Circuit's decisions in *Welborn* and *Tucker* have clearly addressed the issue at hand.  Liberty Mutual is not seeking to reduce the minimum amount of Uninsured Motorist coverage provided by the Policy and is instead simply seeking to avoid paying the Plaintiffs twice for the same medical costs under a valid provision of the Policy.  Liberty Mutual is entitled to its requested declaratory relief.

Accordingly, it is HEREBY ORDERED this 21st Day of June, 2021 that:

1. Defendant Liberty Mutual's Motion for Declaratory Judgment (ECF No. 23) is GRANTED;

2. The Defendant is entitled to an offset of $13,717.98 for Medical Payment benefits already paid under the applicable policy;

3. The Clerk of this Court shall transmit a copy of this Memorandum Order to counsel of record.

_____/s/_____
Richard D. Bennett
United States District Judge